

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 18, 1952

Hon. Henry Wade
District Attorney
Records Building
Dallas, Texas

Opinion No. V-1522

Re: Compensation of the County
Auditor for services ren-
dered improvement districts.

Dear Sir:

You have requested an opinion on the following questions:

"1. Can the Dallas County Auditor col-
lect compensation for services to improve-
ment districts under the provisions of Arti-
cle 1672 (V.R.C.S.)?

"2. If so, must the amounts be paid in-
to the general fund, or may they be retain-
ed by the County Auditor as compensation over
and above his regular salary?"

Article 1672, V.C.S., provides:

"The county auditor shall receive for
his services in auditing the affairs of such
districts, /Improvement Districts/ such com-
pensation as the commissioners court may
prescribe, which shall be paid by the county
out of the general fund and repaid to the
county by such districts by warrants drawn
upon the proper funds of such district. In
such counties which have or may have as many
as five such districts, the compensation al-
lowed the county auditor for his services
on behalf of such districts shall be not less
than the sum of twelve hundred dollars per
annum, to be prorated among the districts
in such proportion as the commissioners court
may determine." (Emphasis ours)

Article 1645, V.C.S., prescribing the compen-
sation to be paid county auditors in counties having a
population of 35,000 inhabitants or more or having a
tax valuation of $15,000,000.00 or over, specifically

states that its provisions shall not repeal or affect Article 1672. S.B. 119 Acts 47th Leg., R.S. 1941, ch. 601, p. 1331. Therefore, it is clearly the intention of the legislature that the county auditor should receive both the compensation provided in Article 1645 "for his services to the county" and the compensation provided in Article 1672 "for his service in auditing the affairs of such districts."

Section 61 of Article XVI of the Constitution of Texas requires all district, county and precinct officers compensated on a salary basis to pay into the county treasury all fees collected by those officers in the performance of their duties. Att'y Gen. Op. V-1460 (1952). If the compensation provided in Article 1672 constitutes a fee or commission within the meaning of Section 61 of Article XVI of the Constitution of Texas, the county auditor would be required to turn the money received into the county treasury. However, we believe that the compensation constitutes a salary rather than a fee of office for the following reason.

In Greer v. Hunt County, 249 S.W. 831 (Tex. Com. App. 1923) the Court discussed the distinction between salary and commissions and stated:

> " . . . The controlling element in determining whether the amount to be received is upon a commission or salary basis is whether that amount, by whatever name it may be called, is absolute and fixed regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions."

It is noted that the compensation provided for in Article 1672 is not dependent upon fees or commissions but is set by the commissioners' court at an absolute and fixed amount.

Therefore, you are advised that the Commissioners' court is authorized to pay the county auditor a salary for services rendered to improvement districts of Dallas County governed by Article 1672.

## SUMMARY

Commissioners' court of Dallas County
is authorized to pay the county auditor a

salary pursuant to the provisions of Article 1672, V.C.S., for services rendered improvement districts, in addition to the salary he realizes under the provisions of Article 1645, V.C.S., for services to the county.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By John Reeves
Assistant

Charles D. Mathews
First Assistant

JR:am